Richardson J.
delivered the opinion of the Court.
The questions made at the trial of this case, arising under the Statute of Limitations—the alleged adverse possession of the negro by John Glasgow, and whether he expressly promised to pay to the plaintiff one-fifth of the price received, have all been settled by the verdict, under satisfactory judicial instruction given to the jury.
The questions for this Court now to decide, are, therefore, 1st. Whether there was a sufficient legal consideration for John Glasgow’s express promise to pay.
The fact is, that the negro belonged as much to James as to John—though neither had a strict legal right; but John having the possession, sold him without taking out administration upon the estate of their ancestor, Mrs. Glasgow; and then promised to divide the price.
Here then we find a full moral consideration for John’s express promise, which would be, legally speaking, sufficient *90 to support the verdict, for one-fifth of the price received. But I would go much farther, and say, he had practically received money belonging to James. For although no administration had been granted on the estate of Mrs. Glasgow, it is not allowable for him who has taken upon himself the office of an executor, and received the money, to avail himself of his wrongful intermeddling; because, he at least is bound by his assumed character as executor.
Having thus settled the inquiry into the legal consideration for the promise, we are brought to the true question of the case, i. e., whether James could legally sue at law, and alone, for his own distributive part of the five hundred dollars received by John. The negro had been taken from the estate of Mrs. Glasgow, and converted into money by John, with the consent of the distributees; and then he promised to pay James his fifth part. Under what reasoning, or with what justice can John deny, that he has made himself debtor to James for his one-fifth? For example; five persons own a negro; for that is what John, James, and the other distributees assumed, and are bound by the assumption, i. e., as between themselves, they agree that one shall sell the negro, and answer to the rest and to each for his part: accordingly, the party confided in does sell and receive the price. With what reason can this party resist the several demands of the others ? by urging that they must proceed against him jointly, i. e., in this case under a legal administration, and as if they were partitioning the original chattels of the estate of Mrs. Glasgow. But the answer is obvious—all that has been settled, and a new contract made: and we do not require circuity of action, nor the aid of equity, when there is a simple and adequate remedy at law under the contract made.
If correct in this exposition of the proper position of the plaintiff and defendant, the only remaining question, about the form of action, is equally answered. A general indebitatus assumpsit for money received and due, was the proper form of action.
The appeal is, dismissed.